UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAURA LUECK ) | |
| ) | |
| ) | Judge |
| Plaintiff, ) | Magistrate |
| ) | No. 2:19cv-10010 |
| v. ) | |
| ) | |
| WAL-MART SUPERCENTER ) | |
| d/b/a WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

JONATHAN R. MARKO (P72450)
Counsel for Plaintiff
**ERNST & MARKO LAW, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
Fax: (313) 965-5556
jon@ernstmarkolaw.com

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

1

_____

## COMPLAINT AND JURY REQUEST

NOW COMES Plaintiff, Laure Lueck, by and through her attorneys, Marko Law, PLC, and for her Complaint against the above-named Defendant, states as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant to the statutes and common law of the State of Michigan against Defendant WAL-MART SUPERCENTER d/b/a WAL-MART STORES, INC.

2. This lawsuit arises out of events occurring within the City of Cheboygan, County of Cheboygan, State of Michigan.

### PARTIES

3. Plaintiff is a resident of Traverse City, in the County of Grand Traverse, in the state of Michigan.

4. Defendant Wal-Mart Superstore d/b/a Wal-Mart Stores Inc. (hereinafter "Wal-Mart"), by all information and belief, is incorporated in the state of Delaware, with its principal office in the state of Arkansas.

### JURISDICTION AND VENUE

5. Jurisdiction is conferred by 28 U.S.C. §1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as all of the events giving rise to this cause of action occurred in the Eastern District of Michigan.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

7. This lawsuit arises out of a head injury that was brought about at Wal-Mart Supercenter in Cheboygan, Michigan.

8. On or about January 16, 2016, Plaintiff visited Defendant Wal-Mart's location in Cheboygan, Michigan.

9. While the Plaintiff was still in the receiving center doorway, she was unable to clear the doorway in time, and the door closed and forcefully collided with Plaintiff's head.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe injuries, which persist to this day, including, but not limited to:

    a. Head Injury;

    b. Economic loss;

    c. Medical bills;

    d. Wage loss;

    e. Pain and suffering;

    f. Exemplary damages;

    g. Attorney fees and costs; and

    h. All other damages allowed by law and to be discovered.

## COUNT I
## NEGLIGENCE

11. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Defendant owed Plaintiff a duty of reasonable care in the safe operation and maintenance of the doorway.

13. Defendant failed in this duty.

14. Defendant was negligent in the operation and maintenance of the doorway, in many ways including but not limited to:

    a. Failure to properly train regarding the use of the freight area doorway;

    b. Failure to ensure that the doorway was clear;

    c.  Failure to inspect the area surrounding the door prior to closing it;

    d.  Failure to properly maintain the doorway;

    e.  Shutting the door on Plaintiff's head;

    f.  Failure to properly supervise, train, hire, and/or retain employees;

    g.  Failure to warn Plaintiff regarding the doorway;

    h.  Failure to post signage related to the operation of the door;

    i.  Allowing invitees to use a shipping and receiving area doorway;

    j.  Failure to undertake remedial measures after causing harm to Plaintiff; and

    k.  Other breaches to be discovered through the discovery process.

15. As a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendant, Plaintiff has suffered and will continue to suffer in the future, the aforementioned damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award damages in his favor and against Defendant in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II
## PREMISE LIABILITY

16. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Defendant knew, or in the exercise of reasonable care should have known, that unless reasonable care, control and maintenance were taken of the subject premises, that a dangerous concealed condition would exist on premises Defendants controlled.

18. In fact, Wal-Mart's own internal records show that over 50 people have been injured on the very same door configuration as Plaintiff in the last 10 years.

19. At all times mentioned herein, Defendant negligently, carelessly and recklessly owned, leased, rented, occupied, possessed, constructed, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the subject premises, and/or permitted or created the dangerous condition on the subject premises so as to cause or allow dangerous and/or defective conditions thereon.

20. Defendant negligently failed to take reasonable precautions to prevent injuries to persons lawfully on the subject premises, including Plaintiff.

21. Defendant breached its duties to Plaintiff in numerous ways, including but not limited to the following:

   a. Failing to keep the doorway safe.

    b. Failing to warn its invitees and/or licensees of the dangers associated with the doorway.

    c. Failing to exercise reasonable care in providing adequate training regarding use of the doorway's mechanisms and the danger it poses to invitees.

    d. Failing to maintain the premises in a reasonably safe condition.

    e. Failing to inspect the doorway for hazards, dangers, and improper conditions at the premise as they were concealed.

    f. Failing to ensure the doorway was clear of hazards, dangers, and improper conditions at the premises.

22. As a direct and proximate result of Defendant's negligence as described above, Plaintiff has suffered and will continue to suffer damages, including but not limited to the aforementioned damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, court costs and attorney fees.

                                          Respectfully submitted,

                                          /s/ *Jonathan R. Marko*

                                              JONATHAN R. MARKO (P72450)
                                              **Ernst & Marko Law, PLC**
                                              Attorneys for Plaintiffs
                                              645 Griswold Street, Suite 4100
                                              Detroit, Michigan 48226
                                              Tel: (313) 965-5555
                                              Fax: (313) 965-5556
                                              Jon@ernstmarkolaw.com

Date: January 2, 2019

## JURY REQUEST

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendant Wal-Mart Superstore d/b/a Wal-Mart Stores Inc. in an amount the Court or jury deems just and fair, plus interest, costs and attorney fees.

Respectfully submitted,

/s/ *Jonathan R. Marko*
JONATHAN R. MARKO (P72450)
**Marko Law, PLC**
Attorneys for Plaintiffs
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Tel: (313) 965-5555
Fax: (313) 965-5556
Jon@ernstmarkolaw.com

Date: January 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the above listed attorneys of record.

/s/ *Marissa Williams*